UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. 2:15-cv-0720 KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner, and is proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Requirements and Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

1    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

3    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

4    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

5    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

6    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

7    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8    III.  Screening Order

9        The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be

10   dismissed because it does not comply with Rule 8 or state a claim upon which relief may be

11   granted.

12       Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

13   notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

14   Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

15   particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  The

16   allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed.

17   R. Civ. P. 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Galbraith v. County of

18   Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading naming many

19   defendants with an unexplained, tenuous or implausible connection to the alleged constitutional

20   injury or a mere laundry list of unrelated claims does not suffice.

21       Plaintiff's 62 page filing includes a 39-page complaint and 23 exhibits.  Plaintiff's

22   complaint includes a laundry list of allegations occurring from April of 2014, prior to his arrest,

23   to the alleged denial of law library access while plaintiff was housed at RCCC in November of

24   2014.  Plaintiff alleges, *inter alia*, that defendants were negligent in the performance of their

25   duties prior to plaintiff's arrest, negligently inflicted emotional distress, destroyed plaintiff's mail,

26   improperly handled plaintiff's "legal" mail, made threats against plaintiff, and retaliated against

27   plaintiff for the exercise of his First Amendment and constitutional rights, and retaliated and

28   discriminated against plaintiff in violation of the ADA and the RA.  Plaintiff includes a failure to

train claim as to defendants Taylor and Becker under <u>Monell</u>,[1] and alleges a conspiracy to deprive plaintiff of equal protection or due process of the law with the common purpose of depriving plaintiff of access to the court. Plaintiff names ten defendants, five of whom are named as Doe defendants. Plaintiff seeks declaratory and injunctive relief, and monetary damages.

Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a):

> 'A party asserting a claim . . . may join, [ ] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

<u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007); <u>see also</u> Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Plaintiff's allegations may not be properly joined together as claims in a single action, as they involve discrete events that do not arise out of the same occurrence and do not involve a common question of law or fact. <u>See</u> Fed. R. Civ. P. 20(a)(2). Because the complaint plainly alleges unrelated claims against different defendants, plaintiff must file an amended complaint correcting this defect.

Plaintiff fails to state a cognizable civil rights claim against defendant Witherspoon. Plaintiff states that "immediately after returning to his cell from his interview" with Witherspoon about the Citizen's Complaint, he was moved to an alcohol abuse/violence treatment program on the fourth floor. (ECF No. 1 at 4.) This close connection in time raises an inference that defendant Witherspoon ordered plaintiff's removal from the 24 hour cell, where he had been held the previous ten days, which appears to be what plaintiff wanted. In addition, plaintiff contends

---

[1] <u>Monell v. Dept. of Soc. Svcs.</u>, 436 U.S. 658, 691 (1978).

that Witherspoon improperly or fraudulently investigated plaintiff's Citizen's Complaint. However, plaintiff does not have a federally protected liberty or property interest in having the Sheriff's Department investigate his claim of misconduct by law enforcement officers, as there is no alleged impact on him -- other than perhaps emotional satisfaction -- that would result if the Sacramento County Sheriff's Department found in his favor and recommended disciplinary proceedings be pursued against the officers. Cf. Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 766-68 (2005) ("the benefit that a third party may receive from having someone else arrested for a crime does not trigger protections under the Due Process Clause, neither in its procedural, nor in its 'substantive' manifestations"); Alston v. County of Sacramento, 2012 WL 2839825 (E.D. Cal., July 10, 2012). The alleged failure of defendant Witherspoon to question defendants Becker and Taylor did not deprive plaintiff of a right under the Constitution or laws of the United States. Because there was no such deprivation, the alleged municipal policy/practice that allowed the allegedly inadequate investigation also does not support a § 1983 claim. Similarly, plaintiff's allegation against defendant Doe 1, supervisor of defendants Beck and Taylor, and Doe 5, commanding officer of Internal Affairs, based on an alleged failure to properly train in such investigation also does not support a § 1983 claim.

Plaintiff also complains that defendants refused to provide him with "an accurate account of the factfinding process" or his own statements, allegedly in violation of California Penal Code § 832.7, citing San Francisco Police Officers' Assn. v. Superior Court, 202 Cal.App.3d 183, 191, 248 Cal. Rptr. 297 (Cal. App. 1 Dist. June 16, 1988). (ECF No. 1 at 13-14.) However, in addressing a mandamus petition filed by a police officers' association, the court stated:

> Contrary to petitioners' argument, the hearing is part of the factfinding process and not, in and of itself, a record within the meaning of Penal Code section 832.7. While the hearing is tape recorded, it is the tape recording which becomes a part of the confidential records of the OCC (§ 709), disclosure of which is expressly governed by the statutory scheme.FN7 Moreover, nothing in the Rules sanctions disclosure of such tape recordings to the complainant.
>
> FN7 In City of San Diego v. Superior Court (1981) 136 Cal.App.3d 236 [186 Cal. Rptr. 112], the issue was whether police officers could be deposed on matters contained in their personnel records previously determined to be confidential under Evidence Code

> section 1045. In prohibiting discovery, the court reasoned that the statutory privilege would be useless if the same information was obtainable "by the simple expedient of asking the officers for their disciplinary history orally." (Id., at p. 239.) In contrast, at the time a complainant participates in an OCC ["Office of Citizen Complaints"] hearing, there is as yet no record subject to Penal Code section 832.7 protection.

San Francisco Police Officers' Assn., 202 Cal. App. 3d at 191. This confirms that the fact finding process involved in investigating a Citizen's Complaint is confidential, and plaintiff, as a third party, has no right to receive such information.[2]

In addition, under section 1983, plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 2011 WL 477094 * 4-5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007).

Here, plaintiff alleges that defendant Jones "expressly condoned retaliation" or "condoned conspiracy," when on at least two occasions, plaintiff sent Jones correspondence in which

---

[2] California Penal Code §§ 832.5 and 832.7 provide for the confidentiality of peace officer personnel records in state litigation. While generally providing that such records are confidential, California law also specifically recognizes that the records are discoverable upon a showing that they are material to the litigation. Cal. Evid. Code § 1043. Thus, if plaintiff can demonstrate that such records are material to cognizable claims, plaintiff may be able to obtain such records through discovery. But prison staff was under no obligation to turn over such documents absent a court order. In addition, although California Penal Code § 832.7 provides that the agency "shall release to the complaining party a copy of his or her own statements at the time the complaint is filed," nothing in § 832.7 provides a private right of action for plaintiff to file suit to obtain such statements. Criminal statutes do not give rise to civil liability. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Once an operative pleading has been served, and defendants have appeared in this action, plaintiff may seek copies of his statements through the discovery process, provided they are relevant to his civil rights claims.

plaintiff described the retaliatory acts of the Sacramento County Sheriff's Department, yet Jones failed to address or correct those issues and failed to prevent further "ongoing constitutional violations." (ECF No. 1 at 8.) Such letters do not support an inference that defendant Jones was involved in or even knew about the alleged constitutional violations when they happened. Any notice that defendant Jones received occurred after the alleged retaliatory actions had taken place. Therefore, the complaint fails to allege facts affirmatively linking any actions by defendant Jones to the asserted First Amendment violation based on letters received from plaintiff. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978) (emphasizing that Section 1983 liability requires "personal participation in the deprivation").

In light of the above, plaintiff's complaint is dismissed, and plaintiff is granted leave to file an amended complaint in which he raises only related claims. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George, 507 F.3d at 607.

Any amended complaint must be complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This requirement is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See E.D. Cal. Local Rule 110.

7

In addition, the following legal standards may apply to plaintiff's intended claims for relief.

### Access to the Courts

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this right must show that he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351.

### Conspiracy

To proceed on a claim predicated on a conspiracy to deprive plaintiff of federally protected rights, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. Gilbrook v. City of Westminster, 177 F.3d 839, 856-57 (9th Cir. 1999); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); Delew v. Wagner, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

////

Discrimination Claims

Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

The ADA authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" Pennsylvania Dep't. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998). "To recover monetary damages under Title II of the ADA. . ., a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139.

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." Roundtree v. Adams, 2005 WL 3284405, at *8 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

Due Process

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." Sandin v. Conner, 515 U.S. 472, 485 (1995).

Equal Protection

To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Plaintiff must also allege facts showing that he there is no rational basis for the difference in treatment. Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004), overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam)).

Mail

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, an isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); Witherow, 52 F.3d at 266 (9th Cir. 1995) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest). Moreover, the right to receive mail is subject to "substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security." Walker v. Sumner, 917 F.2d 382, 385 (9th Cir. 1990) (citations omitted). To be constitutional, an action or

1  regulation restricting an inmate's ability to send or receive mail must be "reasonably related to
2  legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).
3        Prison officials may not review outgoing legal mail for legal sufficiency before sending it
4  to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). However, whether legal mail may be
5  persistently opened outside the inmate's presence is an open question in the Ninth Circuit. See
6  Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). In addition, incoming mail from the
7  courts, as opposed to mail from the prisoner's attorney, is not considered "legal mail" and may
8  therefore be opened outside the inmate's presence. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.
9  1996), amended by 135 F.3d 1318 (9th Cir.1998), quoting Martin v. Brewer, 830 F.2d 76, 78 (7th
10 Cir. 1987) ("[W]ith minute and irrelevant exceptions all correspondence from a court to a litigant
11 is a public document, which prison personnel could if they want inspect in the court's files.").
12       Negligence
13       Negligence does not amount to a violation of a federal constitutional or statutory right.
14 See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable
15 under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to
16 inmate health or safety[.]"); see also id. at 835 ("[D]eliberate indifference describes a state of
17 mind more blameworthy than negligence.").
18       Retaliation
19       The First Amendment prohibits government officials from subjecting a citizen to adverse
20 action in "retaliation for protected speech." Crawford-El v. Britton, 523 U.S. 574, 592 (1998).
21 Thus, when an individual claims state action was taken with the purpose of infringing their right
22 to free speech, an inquiry into the state actor's subjective intent is necessarily implicated. When
23 evaluating a First Amendment claim based on a retaliatory arrest, the probable cause inquiry does
24 not serve to dispose of the issue altogether as in the Fourth Amendment analysis, but rather,
25 serves to evaluate the legal causation between the malicious intent and the subsequent state
26 action. Hartman v. Moore, 547 U.S. 250, 265 (2006).
27       The Supreme Court has not recognized a constitutional right to be free of either retaliatory
28 arrest or retaliatory prosecution if they are supported by probable cause. See Reichle v. Howards,

132 S. Ct. 2088, 2093 (2012) (noting the Supreme Court "has never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause"); Hartman, 547 U.S. at 252 (holding that plaintiffs must allege and prove lack of probable cause in an action for retaliatory prosecution).

Notwithstanding this precedent, the Ninth Circuit concluded in Ford v. Yakima that its "2006 decision in Skoog established that an individual has a right to be free from retaliatory police action, even if probable cause existed for that action." 706 F.3d 1188, 1195-96 (9th Cir. 2013). In Skoog v. County of Clackamas, the Ninth Circuit resolved an "open question" and concluded that "a plaintiff need not plead the absence of probable cause in order to state a claim for retaliation." Id., 469 F.3d 1221, 1232 (9th Cir. 2006). There, a police officer executed a search warrant and seized the plaintiff's property after the plaintiff sued a different officer, and the plaintiff asserted claims against him for violations of both the Fourth and First Amendments. After determining that probable cause existed for the search and granting qualified immunity on the Fourth Amendment claim, the court nonetheless concluded that the plaintiff stated the elements of First Amendment retaliation. Skoog, 469 F.3d at 1235.

Subsequently in Ford, the court reversed a grant of qualified immunity to a police officer after he booked and jailed a plaintiff for criticizing a traffic stop, which was supported by probable cause but which plaintiff believed was racially motivated. Id., 706 F.3d at 1193. The court noted that "[a]t the time the officers acted in 2007, the law in this Circuit gave fair notice that it would be unlawful to jail Ford in retaliation for his First Amendment activity." Id. at 1195. Notwithstanding Ford and Skoog, one Ninth Circuit panel has subsequently held officers entitled to qualified immunity for making a retaliatory arrest because it was supported by probable cause. See Acosta v. City of Costa Mesa, 718 F.3d 800, 825 (9th Cir. 2013) (quoting Reichle with approval).

Threats

Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir.1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344

12

(9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

Claims based on State Law

In addition to his constitutional claims, plaintiff alleges that some of the defendants were negligent in the performance of their duties and negligently inflicted emotional distress.

Under the California Tort Claims Act ("CTCA"), plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 13 Cal. Rptr. 3d 534 (2004).

Plaintiff states that "other than the CTCA which defendants have denied plaintiff adjudication of state tort claims only. . . ." (ECF No. 1 at 26.) This statement makes it unclear whether plaintiff has complied with the California Tort Claims Act as to all of his alleged state law claims, which is a prerequisite to filing suit. In addition, plaintiff is cautioned that the court will not exercise supplemental jurisdiction over a state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir.1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

////

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 24, 2015

/give0720.14.new

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>           Plaintiff,<br><br>      v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>           Defendants. | No.  2:15-cv-0720 KJN P<br><br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____     Amended Complaint

DATED:

    _____
    Plaintiff

15