UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,  Plaintiff,  v.  COUNTY OF SACRAMENTO, et al.,  Defendants. | No. 2:15-cv-720-JAM-KJN PS  ORDER |

Presently pending before the court is plaintiff's "ex parte request for default judgment." (ECF No. 37.) Defendants have opposed the request, and plaintiff filed a reply. (ECF No. 39, 40.) For the reasons discussed below, the request is DENIED.

The court's record shows that the U.S. Marshal mailed a copy of plaintiff's first amended complaint, along with requests for waiver of service of summons, to defendants on December 5, 2016. On January 3, 2017, defendants timely executed and returned their waivers of service of summons to the U.S. Marshal. Thereafter, on February 3, 2017, defendants timely filed and served their answer to plaintiff's first amended complaint. See Fed. R. Civ. P. 4(d)(1)(F) (defendant to be provided with a reasonable time of at least 30 days after request was sent to return the waiver); Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent…."). As such, entry of default is not warranted.

1

1  In his reply brief, plaintiff suggests that the defendants improperly returned the waiver of
2  service of summons to the U.S. Marshal and not to plaintiff.  Plaintiff is mistaken.  Because
3  plaintiff is proceeding *in forma pauperis*, the U.S. Marshal was directed to effectuate service of
4  process, and the court's November 7, 2016 order as well as the U.S. Marshal's requests for
5  waiver of service of summons specifically directed defendants to return the waivers to the U.S.
6  Marshal.  (See ECF Nos. 25, 39 at 6-8.)  Therefore, the waivers were properly returned to the
7  U.S. Marshal.

  Accordingly, plaintiff's "ex parte request for default judgment" (ECF No. 37) is DENIED, and the answer is properly filed.

  IT IS SO ORDERED.

Dated:  February 21, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE