UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:15-cv-0720-KJN PS<br><br>PRETRIAL SCHEDULING ORDER |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING PRO SE PARTIES, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On March 16, 2017, the court conducted a status (pretrial scheduling) conference in this matter.[1] Plaintiff Francois Givens, who is incarcerated and proceeds without counsel, appeared

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 7, 46, 48.) Consequently, the action was reassigned to the undersigned for all purposes, including the entry of final judgment. (ECF No. 49.)

1

by videoconference, and attorney Ashley Wisniewski appeared on behalf of defendants Adam Taylor, Ken Becker, and the County of Sacramento.  After considering the parties' status reports (ECF Nos. 46, 48) and the parties' representations at the status conference, the court issues the following pretrial scheduling order.

NATURE OF THE CASE

This action arises out of plaintiff's arrest by Sacramento County sheriff deputies Adam Taylor and Ken Becker on April 11, 2014.  Plaintiff's operative first amended complaint (ECF No. 19), as narrowed by the court's November 7, 2016 order dismissing several claims and defendants (ECF No. 25), asserts the following claims:  (a) an excessive force claim in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against defendants Taylor and Becker; (b) a retaliatory arrest claim in violation of the First Amendment pursuant to 42 U.S.C. § 1983 against defendants Taylor and Becker; and (c) a claim under Title II of the Americans with Disabilities Act against the County of Sacramento.

Defendants deny any liability and have asserted various affirmative defenses.  (ECF No. 38.)

SERVICE OF PROCESS

Defendants answered plaintiff's first amended complaint as narrowed.  Thus, no further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

The parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than **April 13, 2017**.

LAW AND MOTION

All motions, except as to discovery-related matters, shall be <u>filed</u> by **April 26, 2018**.

Upon the filing of a motion, the opposition or statement of non-opposition shall be filed with the court 30 calendar days after service of the motion, and any reply brief shall be filed with the court 14 calendar days after service of the opposition.  Thereafter the motion will be submitted for decision on the record and written briefing pursuant to Local Rule 230(g).  No further briefing will be permitted, and no oral argument scheduled, unless otherwise ordered by the court.[2]  This paragraph does not preclude motions for continuances, temporary restraining orders, motions in limine or other trial-related motions, motions for sanctions that could not have been reasonably brought by the regular motion filing deadlines, or other emergency applications, which may be filed on a good faith basis at any time, and for which the court may set a special briefing schedule, if necessary.

Counsel[3] and the parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion filing deadline set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

////

---

[2] In light of plaintiff's incarceration, the court anticipates resolving most motions based on the record and written briefing pursuant to Local Rule 230(g).  Nevertheless, if the court finds that oral argument is necessary with respect to a particular motion, the court will notify the parties and issue an appropriate writ to facilitate plaintiff's appearance by telephone or videoconference.

[3] Any reference to "counsel" in this order includes parties appearing without counsel, otherwise referred to as appearing *in propria persona* or *pro se*.

DISCOVERY

All discovery shall be completed by **March 29, 2018**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. All discovery motions shall be filed no later than **February 22, 2018**. Given plaintiff's incarceration, the briefing deadlines and the requirement of filing a joint statement regarding discovery disagreements outlined in Local Rule 251 shall not apply in this case. Instead, upon the filing of a discovery motion, the opposition or statement of non-opposition shall be filed with the court 14 calendar days after service of the motion, and any reply brief shall be filed with the court 7 calendar days after service of the opposition. Thereafter the motion will be submitted for decision on the record and written briefing pursuant to Local Rule 230(g). No further briefing will be permitted, and no oral argument scheduled, unless otherwise ordered by the court. Importantly, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention prior to filing a discovery motion. Failure to do so may result in summary denial of a discovery motion.

Additionally, the court strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/. Additionally, subject to the court's availability, the court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire regarding Judge Newman's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

EXPERT DISCLOSURES

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **January 11, 2018**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **February 8, 2018**. Expert disclosures shall be filed with the court and served upon all other parties.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

At least one party has requested a jury trial. As such, trial will be by jury.

However, the court declines to set final pretrial conference and trial dates at this juncture. Instead, those dates will be scheduled upon the filing of the parties' Joint Notice of Trial Readiness, as explained below.

The parties shall file a Joint Notice of Trial Readiness no later than 30 days after receiving the court's ruling(s) on the last filed dispositive motion(s). If the parties do not intend to file dispositive motions, the parties shall file a Joint Notice of Trial Readiness no later than 30 days after the close of discovery and the notice shall include statements of intent to forgo the filing of dispositive motions.

The parties shall set forth in their Joint Notice of Trial Readiness the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospects for settlement, an updated estimate of trial length, any request for a jury, and the parties' availability for trial. After review of the parties' Joint Notice of Trial Readiness, the court will issue an order that sets forth dates for a final pretrial conference and

trial.

SETTLEMENT CONFERENCE

At the status conference, the parties agreed that an early settlement conference should be set for about 90 days from the date of this order to allow the parties to conduct some initial discovery.

Therefore, the Clerk of Court shall randomly assign another magistrate judge for purposes of conducting a settlement conference in this matter. Once the assignment has been made, defendants' counsel shall promptly contact the courtroom deputy clerk for the settlement judge to obtain available dates for a settlement conference in approximately 90 days, or as soon as possible thereafter (as well as a determination as to whether the settlement judge wants the plaintiff to appear in person or by videoconference).

MISCELLANEOUS PROVISIONS

In light of plaintiff's incarceration, the parties are permitted to discharge any meet-and-confer obligations required by the Federal Rules of Civil Procedure, the court's Local Rules, or this court's orders by telephone or videoconference in lieu of meeting in person.

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the mere fact of plaintiff's incarceration, or the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause. Mindful of the logistical difficulties that go along with plaintiff's incarceration, the court expects the parties to cooperate in good faith with respect to scheduling matters, and to work diligently to both anticipate and comply with case deadlines.

IT IS SO ORDERED.

Dated: March 17, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE