UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:15-cv-0720-KJN PS<br><br><br><br>ORDER |

On May 11, 2017, plaintiff, who is incarcerated and proceeds without counsel, filed a request for a court order directing the United States Marshal to serve subpoenas for records on the following third parties: (1) Kaiser Permanente; (2) the Sacramento County Public Defender; (3) Sutter Hospital; and (4) the Social Security Administration. (ECF No. 58; see also ECF No. 59.)

As a threshold matter, the court finds that plaintiff has not shown why the issuance of subpoenas to those entities is necessary. Plaintiff is merely requesting his own medical and/or disability-related documents from Kaiser Permanente, Sutter Hospital, and the Social Security Administration. Similarly, plaintiff is simply requesting his own case/client file records from the Sacramento County Public Defender. Thus, assuming that plaintiff executes the appropriate

consent forms, no subpoena is necessary to compel production of his own records.[1]

In light of that determination, the court finds it unnecessary at this juncture to analyze whether the other requirements for service of subpoenas by the U.S. Marshal on third parties are satisfied.

Accordingly, plaintiff's request for an order directing the United States Marshal to serve subpoenas for records on the above-mentioned third parties is DENIED.

This order resolves ECF No. 58.

Dated: May 16, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that plaintiff wishes to avoid the costs potentially charged by third parties to copy and produce the requested records, the vehicle of a subpoena would not avoid those costs. Because no statute authorizes the use of public funds for such expenses in civil cases, plaintiff would be required to pay those expenses to the third parties even if the U.S. Marshal were to serve the subpoenas based on plaintiff's *in forma pauperis* status.

2