UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0720-KJN PS<br><br><br><br>ORDER |

　　　　On May 19, 2017, plaintiff filed a motion to compel defendants to provide supplemental responses to various interrogatories. (ECF No. 62.) For the reasons discussed below, the motion is DENIED without prejudice as premature.

　　　　The court's operative scheduling order provides, in part, that "the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention prior to filing a discovery motion. Failure to do so may result in summary denial of a discovery motion." (ECF No. 51 at 4.) Here, plaintiff's motion and accompanying declaration indicate that there has been no informal meet-and-confer efforts or discussions between the parties with respect to the issues raised in this discovery motion. Therefore, the motion is plainly premature.

　　　　Even if, as plaintiff suggests, defendants had not previously met and conferred with him with respect to other issues in the case, plaintiff, as the moving party, nonetheless has an

1

independent, affirmative obligation to initiate and exhaust informal meet-and-confer efforts before filing a discovery motion. In turn, once plaintiff initiates such efforts, defendants have an obligation to cooperate in such informal meet-and-confer efforts in good faith. That includes, at a minimum, arranging a telephone call or videoconference with plaintiff to discuss the discovery issues in voice-to-voice dialogue; the mere exchange of written letters is insufficient. The court is cognizant that, in light of plaintiff's incarceration, some delays may be inevitable, but the court expects the parties to cooperate diligently and in good faith with respect to discovery, including the scheduling and logistics of informal meet-and-confer sessions. Finally, as outlined in the scheduling order, the court also encourages the use of informal telephonic discovery conferences with the court in lieu of formal written discovery motions, *but only after the parties have exhausted their own informal meet-and-confer efforts*.[1]

Accordingly, plaintiff's motion to compel (ECF No. 62) is DENIED WITHOUT PREJUDICE as premature.[2]

IT IS SO ORDERED.

Dated: May 26, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] At that point, upon agreement of the parties that informal efforts have been exhausted, defendants' counsel may contact the undersigned's courtroom deputy clerk to coordinate an informal telephonic discovery conference, with arrangements to be made for plaintiff's appearance by telephone or videoconference.

[2] To the extent that plaintiff suggests that his appearance at the settlement conference is conditioned upon defendants' discovery responses, he is mistaken. Both parties are ordered to appear at the settlement conference before Magistrate Judge Barnes, and that appearance is not contingent on other case events.