UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. 2:15-cv-720-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

This order resolves various motions and requests presently pending in the action.[1]

Plaintiff's Motion for Sanctions

On September 26, 2017, plaintiff filed a motion for discovery sanctions against defendants. (ECF No. 76.) Defendants have opposed the motion. (ECF No. 81.) Plaintiff seeks the imposition of sanctions based on numerous grounds, including (1) the deposition reporter at plaintiff's deposition failing to state her name and business address on the record; (2) defendants' purported refusal to provide plaintiff with a copy of the deposition transcript;[2] (3) plaintiff's

---

[1] This action proceeds before the undersigned for all purposes, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c). (ECF No. 49.)

[2] To the contrary, the parties agreed at the deposition that defendants' counsel would follow up with the prison's litigation coordinator to ensure that plaintiff received a provisional copy of the deposition transcript, and defendants' counsel in fact followed up with the litigation coordinator as promised. (ECF No. 81-1.)

1

belief that the deposition reporter may have a familial or business relationship with defendants; (4) defendants' allegedly improper questioning at the deposition; and (5) defendants' purported tactical maneuvering in scheduling plaintiff's deposition, among various other general allegations of bad faith and misconduct. The court has carefully reviewed plaintiff's motion as well as defendants' opposition, and finds no proper basis to award discovery sanctions. As such, plaintiff's motion for sanctions is denied.[3]

Plaintiff's Request to Modify the Scheduling Order

The court declines plaintiff's general request to modify the scheduling order at this juncture. (ECF No. 80.) Discovery in this matter does not close until March 2018. (ECF No. 51.) If extension of a particular deadline appears necessary in the future, <u>and supported by good cause</u>, the court will consider an appropriate request at that time.

Plaintiff's Request to Appoint Counsel

Plaintiff also requests the court to appoint the U.C. Davis Civil Rights Clinic as his counsel in this matter. (ECF No. 80.) It is "well-established that there is generally no constitutional right to counsel in civil cases." <u>United States v. Sardone</u>, 94 F.3d 1233, 1236 (9th Cir. 1996). Moreover, the claims at issue in this action are not unusually complex, and plaintiff has thus far been able to sufficiently articulate his claims without the assistance of counsel. As such, the court finds that no exceptional circumstances are present to support the appointment of counsel. To be sure, if the U.C. Davis Civil Rights Clinic agrees to represent plaintiff, the court would certainly entertain a request by those attorneys to substitute in as counsel. However, the court declines to appoint counsel in the first instance.

Plaintiff's Request for Increased Library Access

Additionally, plaintiff requests that the court order prison officials to give him greater access to the prison law library and legal resources. (ECF No. 80.) Despite limits on his ability to make copies and/or use the prison library, plaintiff has not demonstrated that his right of access

---

[3] Because plaintiff's motion is plainly without merit, the court finds it unnecessary to entertain further briefing. As such, plaintiff's request for an extension of time to submit a reply brief is denied.

2

to the courts is being impaired.  Indeed, the court previously granted plaintiff extensions of time when he was unable to meet deadlines due to his incarcerated status.  Moreover, as a general rule, this court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  Therefore, plaintiff's request for increased library access is denied.

Plaintiff's Motion to Compel

On October 17, 2017, plaintiff filed a motion to compel defendants to supplement various discovery responses and produce documents.  (ECF No. 78.)

The court notes that a settlement conference is presently scheduled before Magistrate Judge Barnes on November 29, 2017.  (ECF No. 73.)  At the time of the scheduling conference, the parties discussed conducting some limited discovery prior to the settlement conference, and it appears that plaintiff has now been deposed.  However, given the slew of recent filings related to discovery and sanctions, the court is concerned that the parties are wasting time and resources on unnecessary discovery disputes and ancillary matters, instead of preparing in good faith for potential resolution of the case at the settlement conference.  Indeed, the increased costs attendant to unnecessary discovery disputes and motion practice only make it more difficult to achieve a reasonable settlement.  Consequently, the court finds it appropriate to stay all further discovery and motion practice through the date of the settlement conference.  Briefing on the motion to compel will be deferred until after the settlement conference, if still necessary.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions is DENIED.
2. Plaintiff's request to modify the scheduling order is DENIED.
3. Plaintiff's request for appointment of counsel is DENIED.
4. Plaintiff's request for increased access to the prison library is DENIED.
5. All discovery and motion practice, except for non-frivolous motions for emergency relief, are STAYED until the November 29, 2017 settlement conference.  If the action does not settle, the court will set a briefing schedule with respect to plaintiff's pending

motion to compel (ECF No. 78).

IT IS SO ORDERED.

This order resolves ECF Nos. 76 and 80.

Dated: October 24, 2017

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE